**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **NANCY COX,** ) | Case No. 1:07-cv-1372 |
| ) | |
| Plaintiff, ) | Judge Dan Aaron Polster |
| ) | |
| vs. ) | <u>**ORDER**</u> |
| ) | |
| **TRUE NORTH ENERGY, LLC.,** ) | |
| ) | |
| Defendant. ) | |

Plaintiff Nancy Cox filed her Second Amended Complaint (ECF No. 10) on September 24, 2007, making several claims against her former employer, Defendant True North Energy, LLC. Count IV in the Second Amended Complaint alleges a common-law tort claim for wrongful termination in violation of the public policies contained in the federal Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and in the implementing federal regulations, specifically 29 C.F.R. § 825.110(b).

Pursuant to Cox's First Amended Complaint, True North had previously filed a Partial Motion to Dismiss the First Amended Complaint (ECF No. 6). In its Motion to Dismiss the First Amended Complaint, True North argued that Ohio law does not recognize any such common-law public policy tort, citing Ohio Supreme Court precedent. (ECF No. 6, 14-17.) Cox filed a Memorandum in Opposition to True North's Motion to Dismiss the First Amended

Complaint on the same day she filed her Second Amended Complaint (ECF No. 11.)  In her Memorandum in Opposition, Cox argued that "no Ohio court has addressed the issue of whether a public policy claim may be based on" the federal regulations interpreting the FMLA.  (*Id.* at 13.)  Furthermore, Cox urged the Court to defer a decision dismissing or sustaining her public policy claim until after the Ohio Supreme Court issued its decision in *Leininger v. Pioneer Nat'l Latex*.  *Leininger* required the Ohio Supreme Court to decide whether Ohio law permits a claim for wrongful discharge in violation of public policy based on the policy inherent in Ohio law prohibiting age discrimination.  Accordingly, Cox contended, the decision would likely clarify the state of Ohio law regarding all claims for discharge in violation of public policy.

Three days after Cox filed her Memorandum in Opposition and her Second Amended Complaint, the Ohio Supreme Court issued its opinion in *Leininger*.  The court held that "a common-law tort claim for wrongful discharge based on Ohio's public policy against age discrimination does not exist, because the remedies in [Ohio Revised Code] Chapter 4112 provide complete relief for a statutory claim for age discrimination."  *See Leininger v. Pioneer Nat'l Latex*, --- N.E.2d ---, ¶ 34, ___ Ohio St.3d ___, ¶ 34, 2007-Ohio-4921, ¶ 34,  2007 WL 2816619 (Ohio Sept. 29, 2007).  The court also explained that its decision in *Wiles v. Medina Auto Parts*, 96 Ohio St.3d 240, 773 N.E.2d 526 (2002) "determined that allowing a wrongful discharge claim based on the public policy expressed in the [FMLA] was unnecessary to vindicate the policy goals of the FMLA," despite the fact that the FMLA statutory scheme did not allow for punitive damages.  *See Leininger*, 2007-Ohio-4921, at ¶ 26.

True North subsequently filed its Reply Memorandum in Support of its Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 13), discussing and applying

-2-

*Leininger* to argue for dismissal of Cox's public policy claim. Notably, however, True North's argument, while acknowledging Cox's regulations-based argument, addresses only the question of a claim based on violation of the public policy embodied in the FMLA.

While *Wiles* stands for the proposition that Ohio does not recognize a claim for wrongful discharge in violation of the public policy embodied in the FMLA, Cox's Second Amended Complaint emphasizes that she bases her claim on a violation of the public policy embodied in the federal regulations implementing the FMLA as well as the statutory language itself. (See ECF No. 10, ¶¶ 70-76.) The *Leininger* court explained that "[w]hen public policy arises from more than one source, the analysis has been different." *Leininger*, 2007-Ohio-4921, at ¶ 24. "'In cases of *multiple*-source public policy, the statute containing the right and remedy will not foreclose recognition of the tort on the basis of some other source of public policy, unless it was the legislature's intent in enacting the statute to preempt common-law remedies.'" *Id.* (*quoting Collins v. Rizkana*, 73 Ohio St.3d 65, 73, 652 N.E.2d 653, 653 (1995) (emphasis included)).

At least twice in its *Leininger* opinion, the Ohio Supreme Court explained that employment terminations could violate "public policy as expressed in sources other than the Revised Code." *Id.* at ¶¶ 9,16. The court explained that "'[c]lear public policy' sufficient to justify an exception to the employment-at-will doctrine is not limited to public policy expressed [by the legislature] in the form of statutory enactments, but may also be discerned as a matter of law based on other sources, such as the Constitutions of Ohio and the United States, <u>administrative rules and regulations</u>, and the common law.'" *Id.* at ¶ 8 (*quoting Painter v. Graley*, 70 Ohio St.3d 377, 639 N.E.2d 51, paragraph three of the syllabus) (emphasis added).

*See also*, *Leininger*, 2007-Ohio-4921, at ¶ 16 ("[I]n a common-law claim for wrongful discharge, a plaintiff must prove the clarity element by showing that a clear public policy is manifested in the state or federal constitutions, or in a statute, <u>administrative regulation</u>, or the common law.") (emphasis added).

In light of the *Leininger* holding, along with the above-cited language from that opinion, in conjunction with *Wiles*, the Court desires additional briefing on the question of whether a valid claim exists under Ohio law for wrongful discharge in violation of the public policy embodied in the FMLA's DOL-promulgated regulations.

Cox has an approaching deadline to file her response in opposition to True North's Motion to Dismiss Plaintiff's Second Amended Complaint (focusing on Cox's disability discrimination claims in Count III of the Second Amended Complaint). As an additional part of the same filing, Cox shall brief the question outlined above. The brief shall be filed no later than **Thursday, November 1, 2007, at 12:00 noon**, eastern standard time.

True North shall file its reply brief no later than **Friday, November 9, 2007, at 12:00 noon**, eastern standard time.

**IT IS SO ORDERED.**

       */s/Dan Aaron Polster   October 24, 2007*
       **Dan Aaron Polster**
       **United States District Judge**